UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| James A. Paatalo, | Case No. 22-cv-1867 (WMW/LIB) |
| Plaintiff, | |
| v. | **ORDER DENYING PLAINTIFF'S MOTION FOR EMERGENCY INJUNCTIVE RELIEF** |
| Johnathan R. Judd, Kevin M. Miller, Michelle Eldien, Marquelle L. Theis-Pflipsen, Barry Fitzgibbons, Greg Seim, Kody Needham, and Scott Wagner, | |
| Defendants. | |

This matter is before the Court on Plaintiff James A. Paatalo's motion for emergency injunctive relief. (Dkt. 4.) For the following reasons, the Court dismisses this action in part, denies the emergency motion and stays the remainder of the action pending resolution of several state-court matters as discussed herein.

## BACKGROUND

Paatalo commenced this action on July 25, 2022, against two state district court judges, two assistant county attorneys and four employees of the Otter Tail County Sheriff's Office (collectively, Defendants). Paatalo alleges that Defendants, through their roles in three pending state-court criminal matters, violated Paatalo's constitutional rights.[1] Specifically, Paatalo alleges that Defendants violated Paatalo's rights protected

---

[1] The three underlying state-court criminal matters in Otter Tail County District Court, Seventh Judicial District, charge Paatalo with several misdemeanor and gross misdemeanor traffic-related offenses. *See State v. Paatalo*, No. 56-VB-21-2778 (Minn. Dist.

by the First, Fourth, Fifth, Sixth, Seventh, Ninth, Thirteenth and Fourteenth Amendments to the United States Constitution and two federal civil-rights statutes, 18 U.S.C. §§ 241, 242. Paatalo seeks $250,000 in damages from each Defendant and an injunction ordering Defendants to "cease and desist from further harassment under color of law." Paatalo also requests that this Court empanel a federal grand jury "for the evaluation of criminal activity."

On August 22, 2022, Paatalo moved for emergency injunctive relief. Paatalo argues that Defendants are "conspiring to force [Paatalo] to a trial" on August 30, 2022, "under conditions[] that deny [Paatalo] his due process protections." Paatalo, therefore, requests an injunction to "stop all proceedings in Otter Tail [County] District Court."

## ANALYSIS

Paatalo's complaint alleges claims for damages and injunctive relief against eight State of Minnesota officials involved in parallel Minnesota State Court proceedings against Paatalo. Paatalo's motion for emergency injunctive relief asks this Court to "stop all proceedings in Otter Tail [County] District Court" against Paatalo. Because Paatalo's claims for injunctive relief in the complaint and motion for emergency relief seek this Court's intervention in Paatalo's ongoing Minnesota State Court criminal proceedings, these filings raise abstention questions that this Court may address as a threshold issue before addressing the merits of Paatalo's claims and motion. *See Younger v. Harris*, 401

---

Ct.); *State v. Paatalo*, No. 56-VB-21-1564 (Minn. Dist. Ct.); *State v. Paatalo*, No. 56-CR-21-2960 (Minn. Dist. Ct.).

U.S. 37, 54 (1971); *see also Tenet v. Doe*, 544 U.S. 1, 6 n.4 (2005) (observing that *Younger* abstention may properly be addressed as a threshold issue).

Although federal courts "ordinarily should entertain and resolve on the merits an action within the scope of a jurisdictional grant," abstention principles counsel against federal court intervention in ongoing state judicial matters. *Oglala Sioux Tribe v. Fleming*, 904 F.3d 603, 610 (8th Cir. 2018) (internal quotation marks omitted) (addressing *Younger* abstention). Specifically, "federal courts should not enjoin pending state criminal prosecutions." *New Orleans Pub. Serv., Inc. v. Council of New Orleans*, 491 U.S. 350, 364 (1989) (citing *Younger*, 401 U.S. at 43–44); *accord Sprint Commc'ns, Inc., v. Jacobs*, 571 U.S. 69, 72–73 (2013). Abstention rests on the "vital consideration of comity" and honors a state's interest in "carrying out the important and necessary task of enforcing its criminal laws." *New Orleans Pub. Serv., Inc.*, 419 U.S. at 364–65 (internal quotation marks omitted).

Here, Paatalo filed his complaint and motion for emergency injunctive relief after Minnesota initiated three criminal prosecutions against Paatalo. Paatalo's complaint asks this Court to order Defendants to "cease and desist from further harass[ing Paatalo] under color of law," and Paatalo's motion for emergency injunctive relief asks the Court to enjoin "[t]he actions by [Otter Tail County District Court]." Because the actions about which Paatalo complains are the proceedings and trials associated with Paatalo's pending state-court prosecutions, Paatalo's complaint and motion for emergency injunctive relief pertain to proceedings that are "pending state criminal prosecutions." *See id.* at 364. As such, this Court cannot enjoin Paatalo's pending state-court proceedings and must abstain

under *Younger*. *See Sprint Commc'ns*, 571 U.S. at 78 ("*Younger* preclude[s] federal intrusion into ongoing state criminal prosecutions" (citing *New Orleans Pub. Serv., Inc.*, 491 U.S. at 368)). To act otherwise would upset principles of comity and prevent Minnesota from enforcing its criminal laws. *See New Orleans Pub. Serv., Inc.*, 491 U.S. at 364–65.

Because *Younger* abstention principles prevent this Court from enjoining parallel state-court criminal prosecutions, the Court dismisses without prejudice Paatalo's claims for injunctive relief and denies as moot Paatalo's motion for emergency injunctive relief.

Paatalo's remaining claims seek damages against Defendants. In a federal action to which *Younger* abstention applies, a district court should stay any claims for damages pending the conclusion of the ongoing state-court proceedings, rather than dismiss any such claims. *See, e.g.*, *Yamaha Motor Corp., U.S.A. v. Stroud*, 179 F.3d 598, 603–04 (8th Cir. 1999); *Broussard v. Hollenhorst*, No. 22-CV-0342 (SRN/ECW), 2022 WL 748470, at *6 (D. Minn. Mar. 11, 2022). The Court, therefore, stays the remainder of this action pending the conclusion of Paatalo's ongoing state-court criminal proceedings.

## ORDER

Based on the foregoing analysis and all the files, records and proceedings herein, **IT IS HEREBY ORDERED:**

1. Plaintiff James A. Paatalo's claims for injunctive relief against all Defendants, (Dkt. 1), are **DISMISSED WITHOUT PREJUDICE**.

2. Plaintiff James A. Paatalo's motion for emergency injunctive relief, (Dkt. 4), is **DENIED AS MOOT**.

3.      The remainder of this action is **STAYED** pending the final resolution of Paatalo's state-court criminal proceedings.

4.      The Clerk of Court is directed to send a certified copy of this Order to the Otter Tail County District Court, Seventh Judicial District.

Dated:  September 1, 2022                                    s/Wilhelmina M. Wright
                                                             Wilhelmina M. Wright
                                                             United States District Judge