UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| James A. Paatalo, | Case No. 22-cv-1867 (WMW/LIB) |
| Plaintiff, | |
| v. | ORDER DENYING PLAINTIFF'S MOTION FOR EMERGENCY INJUNCTIVE RELIEF |
| Johnathan R. Judd, Kevin M. Miller, Michelle Eldien, Marquelle L. Theis-Pflipsen, Barry Fitzgibbons, Greg Seim, Kody Needham, and Scott Wagner, | |
| Defendants. | |

This matter is before the Court on Plaintiff James A. Paatalo's October 14, 2022 motion for emergency injunctive relief. (Dkt. 8.) For the following reasons, the Court denies Paatalo's emergency motion.

Paatalo commenced this action on July 25, 2022, against two state district court judges, two assistant county attorneys and four employees of the Otter Tail County Sheriff's Office (collectively, Defendants). On September 1, 2022, the Court denied Paatalo's first request for emergency injunctive relief. Paatalo now alleges that Defendants and one non-party, Assistant County Attorney Jacob Thomason, through their roles in four pending state-court criminal matters, intend to violate Paatalo's constitutional rights.[1] Specifically, Paatalo argues that the intended actions of these

---

[1] The four underlying state-court criminal matters in Otter Tail County District Court, Seventh Judicial District, charge Paatalo with several misdemeanor and gross misdemeanor traffic-related offenses. *See State v. Paatalo*, No. 56-VB-21-2778 (Minn. Dist. Ct.); *State v. Paatalo*, No. 56-VB-21-1564 (Minn. Dist. Ct.); *State v.*

individuals "would in effect deny [Paatalo] his due process protections" under the United States Constitution. Accordingly, Paatalo seeks an emergency injunction to prevent any incarceration pending the outcome of this federal-court matter.

Paatalo seeks an "emergency injunction to prevent [t]he Defendants in their professional capacity from putting Mr. Paatalo in jail" until this matter has been fully adjudicated. Because Paatalo's motion for emergency relief seeks this Court's intervention in ongoing Minnesota state court criminal proceedings, his motion implicates abstention principles. *See Younger v. Harris*, 401 U.S. 37, 54 (1971).

Although federal courts "ordinarily should entertain and resolve on the merits an action within the scope of a jurisdictional grant," abstention principles counsel against federal court intervention in ongoing state judicial matters. *Oglala Sioux Tribe v. Fleming*, 904 F.3d 603, 610 (8th Cir. 2018) (internal quotation marks omitted) (addressing *Younger* abstention). Specifically, "federal courts should not enjoin pending state criminal prosecutions." *New Orleans Pub. Serv., Inc. v. Council of New Orleans*, 491 U.S. 350, 364 (1989) (citing *Younger*, 401 U.S. at 43–44); *accord Sprint Commc'ns, Inc., v. Jacobs*, 571 U.S. 69, 72–73 (2013). Abstention rests on the "vital consideration of comity" and honors a state's interest in "carrying out the important and necessary task of enforcing its criminal laws." *New Orleans Pub. Serv., Inc.*, 419 U.S. at 364–65 (internal quotation marks omitted).

---

*Paatalo*, No. 56-CR-21-2960 (Minn. Dist. Ct.); *State v. Paatalo*, No. 56-CR-22-2161 (Minn. Dist. Ct).

Here, Paatalo filed this matter and his pending motion for emergency injunctive relief after Minnesota initiated four criminal prosecutions against him. Paatalo's motion for emergency injunctive relief asks the Court to enjoin Defendants from "putting [him] in jail" until this matter has been fully adjudicated. Because Paatalo challenges conduct associated with his pending state-court prosecutions, Paatalo's motion for emergency injunctive relief pertains to proceedings that are "pending state criminal prosecutions." *See id.* at 364. As such, this Court cannot enjoin Paatalo's pending state-court proceedings and must abstain under *Younger*. *See Sprint Commc'ns*, 571 U.S. at 78 ("*Younger* preclude[s] federal intrusion into ongoing state criminal prosecutions" (citing *New Orleans Pub. Serv., Inc.*, 491 U.S. at 368)). To act otherwise would upset principles of comity and prevent Minnesota from enforcing its criminal laws. *See New Orleans Pub. Serv., Inc.*, 491 U.S. at 364–65.

Because *Younger* abstention principles preclude this Court from enjoining parallel state-court criminal prosecutions, the Court denies Paatalo's motion for emergency injunctive relief. Pursuant to the Court's September 1, 2022 Order, the remainder of this matter continues to be stayed pending the conclusion of Paatalo's state-court proceedings. *See Yamaha Motor Corp., U.S.A. v. Stroud*, 179 F.3d 598, 603–04 (8th Cir. 1999); *Broussard v. Hollenhorst*, No. 22-CV-0342 (SRN/ECW), 2022 WL 748470, at *6 (D. Minn. Mar. 11, 2022).

**ORDER**

Based on the foregoing analysis and all the files, records and proceedings herein,

**IT IS HEREBY ORDERED**:

1. Plaintiff James A. Paatalo's motion for emergency injunctive relief, (Dkt. 8), is **DENIED**.

2. The Clerk of Court is directed to send a certified copy of this Order to the Otter Tail County District Court, Seventh Judicial District.

Dated:  October 19, 2022                              s/Wilhelmina M. Wright
                                                                        Wilhelmina M. Wright
                                                                        United States District Judge